## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 MAR -5 PM 3: 23

CLERK OF COURT

BY:_____

DONALD J. HARPER,

    Plaintiff,

    vs.

ROSE A. HARPER,

    Defendant.

) Child Support Case No. CS323-10
)
)
)
)
)
) DECISION AND ORDER
) (Review of Referee's Recommended
) Findings and Order)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 5, 2012, for a Further Proceedings Hearing to review the Referee's Recommended Findings and Order in the above-entitled case. Attorney Jeffrey A. Cook represented Donald J. Harper ("Plaintiff"). Assistant Attorney Generals Nicolas E. Toft and Christopher J. Vanzandt represented the Office of the Attorney General's Child Support Enforcement Division. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

The Court incorporates by reference the Background of the Recommended Findings and Order filed February 6, 2012 (hereinafter "February Findings"). *Harper v. Harper,* CS323-10, at 1-2 (Feb. 6, 2012). On February 16, 2012, Plaintiff filed an Objection to the Recommended Findings and Order. Hence, a Request for Assignment to Superior Court Judge for Review was filed on March 12, 2012, pursuant to Rule 7.1 of the rules for Expedited Process for the Superior Court of Guam. This Court scheduled a Further Proceedings on November 6, 2012. On November 13, 2012, the Child Support Enforcement Division filed a Response to Objection.

The Court also heard the matter on November 20, 2012. Plaintiff requested additional time to file a reply. Consequently, Plaintiff filed a Reply to Response to Objection on November 30, 2012. On December 5, 2012, the Court scheduled a Further Proceedings and allowed the parties to orally argue Plaintiff's objection concerning the Recommended Findings and Order. The Court took the matter under advisement and now issues this Decision and Order.

## DISCUSSION

This Court is given authority to review the Recommended Findings and Order of the Child Support Court upon written objection by a party by virtue of Rule 7.1 of Rules for Expedited Process for the Superior Court of Guam. Rule 7.1 provides:

(1) Any party objecting to the recommended order shall file a written objection to the recommendations in the form prescribed by the Judicial Council and serve copies of the objections on the referee's office and opposing counsel.
(2) Objections shall be filed within 10 days of the date the recommendation was made in open court or if taken under advisement, 10 days after the date of the subsequent written recommendation made by the referee.
(3) Objections shall be to specific recommendations and shall set forth reasons for the objections.
(4) The referee shall then refer the matter to a Superior Court Judge for review of matters specifically objected to by the parties or certified by the referee.
(5) If no objection or request for review is made within 10 days, the party is considered to have consented to entry of an order in conformance with the referee's recommendation.
(6) After hearing in the Superior Court, the Court may award attorney's fees and costs if the appealing party does not prevail and the recommendations of the referee have not been substantially modified by the Court.

Rules for Expedited Process for the Superior Court of Guam Rule 7.1.

"[A]fter a recommendation is made in open court or, if taken under advisement, reduced to writing, the parties have ten days to object to such recommendation." *Palomo v. Manglona*, 2012 Guam 18 ¶ 20. When reviewing a referee's findings, "the trial court [is to] make a good faith effort to supervise the referee and correct any obvious errors." Lamb v. Hoffman, 2008 Guam 2 ¶ 41.

Plaintiff argues that "[t]he order that has been presented to the Guam Court for registration is not an order reducing arrears to judgment. It is the original order in the divorce decree from 1987." Pl's. Objection to Recommended Findings & Order at 3 (Feb. 16, 2012). Plaintiff contends that "[a]ll that is before the Court is a request to register a 1987 divorce decree and an allegation of arrears that has not been reduced to judgment." *Id.* Plaintiff further argues that "[his] final child support payment was due and made in June 1999. No judgment of arrears has been presented to the Guam Court for registration." Pl's. Reply to Response to Objection at 2 (Nov. 30, 2012).

The Child Support Enforcement Division contends that "[t]he cases cited by Mr. Harper are in regards to collection methods, not the viability of the arrears themselves. Williams v. Williams, 252 P.3d 998 (Alaska 2011) is an ongoing child support case where the statute of limitations is not at issue. AS §25.27.226, as cited, is merely one method for recovery of past due payments. AS § 25.27.227 provides that AS § 25.27.226 and § 25.27.226 provide remedies in addition to and not as a substitute for any other remedies available to the parties." Response to Objection at 2 (Nov. 13, 2012).

In review of this matter, the Court agrees with the Referee's findings to the extent that "there is no statute of limitations that bars the registration of the Alaska child support order pursuant to Title 5 of the Guam Code Annotated Chapter 35." February Findings at 4-5 (Feb. 6, 2012). The February Findings in review of Alaska law stated that "[t]he Supreme Court of Alaska has held that, AS 09.35.020 does not apply to the collection of child support arrears unless the child support enforcement agency obtains a writ of execution." *Id.* Alaska Statute 09.35.020 reads as follows:

> When a period of five years has elapsed after the entry of judgment without an execution being issued on the judgment, no execution may issue except by order

CS323-10: Donald J. Harper v. Rose A. Harper
Review of Referee's Recommended Findings & Order

of the court in which judgment is entered. The court shall grant the motion if the court determines that there are just and sufficient reasons for the failure to obtain the writ of execution within five years after the entry of judgment.

AS 09.35.020.

The February Findings goes on to further state that "[t]here is no evidence that the [Office of the Attorney General's Child Support Enforcement Division] is seeking to obtain a writ of execution from this Court." *Id.* at 4. Likewise, the February Findings determined that AS 09.19.040 does not prevent the enforcement of previously adjudicated arrears." *Id.* AS 09.10.040(a) reads:

A person may not bring an action upon a judgment or decree of a court of the United States, or of a state or territory within the United States, and an action may not be brought upon a sealed instrument, unless the action is commenced within 10 years.

AS 09.10.040(a).

Plaintiff argues that "the State of Kansas forwarded the Alaska divorce order to Guam seeking enforcement of that order claiming [Plaintiff] did not make payments under that order between 1987 and 1999. The registration petition is for that 1987 Order. There is no attempt to register a judgment of arrears because there has been absolutely no action taken by Alaska or Kansas prior to Kansas forwarding this matter to the Guam Court in 2010 to enforce either by a collection process through the Courts or administrative action any alleged arrears owed by Mr. Harper." Pl.'s Reply to Response to Objection at 2 (Nov. 30, 2012).

The Court agrees with Plaintiff's analysis with respect to *Koss v. Koss*, 981 P.2d 106 (Alaska 1999), when the Alaska Court was talking about two judgments, it was not talking about just unpaid support obligations, but judgments of arrears that had been entered. "John and Madonna Koss married in 1953 and divorced in 1973. In 1975 the superior court in Fairbanks ordered John to pay child support in the amount of $400 per month. In 1982 the court entered

CS323-10: Donald J. Harper v. Rose A. Harper
Review of Referee's Recommended Findings & Order

judgment against Koss for $25,425 in unpaid support. In 1985, after Koss's youngest child had reached the age of majority, the court entered another judgment against Koss for $10,492 in arrearage accruing since 1982." *Koss*, 981 P.2d 106.

The Court also agrees with Plaintiff that "even if the ten (10) years statute of limitations in Alaska does not apply to child support enforcement orders as the Alaska Courts have ruled, the Alaska Courts have clearly ruled that the five (5) year requirement that some action be taken to act on the judgment in court actions must be demonstrated. Since neither Alaska or Kansas have provided the Government of Guam any evidence that there was any attempt to collect this judgment through court processes or administrative processes, this Court finds that the record is devoid of such a judgment of arrears and that there cannot be enforcement of such since the issue of arrears was never adjudicated.

For these reasons, the Court finds that there is no judgment of arrears for the Guam courts to enforce.

## CONCLUSION

This Court finds in favor of the Plaintiff and REVERSES the Referee's Recommended Findings and Order of February 6, 2012.

**SO ORDERED** this ___5___ day of MARCH, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR - 5 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam



CS323-10: Donald J. Harper v. Rose A. Harper
Review of Referee's Recommended Findings & Order